IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX MATTSON,                         )
                                     )    2:12-cv-01432-GEB-GGH
                Plaintiff,           )
                                     )
        v.                           )    ORDER TO SHOW CAUSE AND
                                     )    CONTINUING STATUS (PRETRIAL
MIDLAND FUNDING, LLC, MIDLAND        )    SCHEDULING) CONFERENCE
CREDIT MANAGEMENT, INC; and          )
ENCORE CAPITAL GROUP, INC.,          )
                                     )
                Defendants.          )
_____      )

        The May 29, 2012 Order Setting Status (Pretrial Scheduling)
Conference scheduled a status conference in this case on October 1,
2012, and required the parties to file a joint status report no later
than fourteen (14) days prior to the scheduling conference. The May 29,
2012 Order further required that a status report be filed regardless of
whether a joint report could be procured. No status report was filed as
ordered.

        Therefore, each party is Ordered to Show Cause ("OSC") in a
writing to be filed no later than October 1, 2012, why sanctions should
not be imposed against him/it and/or his/its counsel under Rule 16(f) of
the Federal Rules of Civil Procedure for failure to file a timely status
report. The written responses shall also state whether the party or

1

his/its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 15, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  September 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1]      "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).