UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX MATTSON,<br><br>            Plaintiff<br>     v.<br><br>MIDLAND CREDIT MANAGEMENT,<br>INC., et al.<br><br>            Defendant. | No. 2:12-cv-01432-GEB-GGH<br><br>Chief Judge Garland E. Burrell, Jr.<br><br>Scheduling Conference:  October 1, 2012 |

### JOINT STATUS REPORT

1)   **Status of service of Process on Parties not yet Served:**

Not applicable.

2.   **Joinder of Parties:**

Any application to join any person as a party to this action shall be made on or before **October 25, 2012**.

3.   **Amendment of Pleadings:**

Any application to amend the pleadings to this action shall be made on or before **October 25, 2012**.

4.   **Basis of Jurisdiction and Venue:**

Plaintiff alleges that personal jurisdiction is established under 28 U.S.C. § 1391(b)(1) and (b)(2) because Plaintiff resides and Defendants conduct business in the State of California.

5.   **Anticipated Motions with Suggested Dates**:

Defendant's Position: Plaintiff contends that he never had an account with Defendants and that Defendants were calling him while trying to reach his ex-girlfriend.  As of this date, however, Plaintiff has not provided Defendant with any identifying information for Plaintiff's ex-girlfriend and has not identified Plaintiff's telephone number that Defendants allegedly

dialed to contact Plaintiff. Defendants therefore lack sufficient knowledge to evaluate Plaintiff's allegations or to determine if Defendants even contacted Plaintiff. Defendants may request that the Court push back the deadlines below if Plaintiff fails to promptly provide information that will allow Defendants to properly evaluate the claims against them. For now, the anticipated dispositive motion(s) include Cross Motions for Summary Judgment are as follows:

    Proposed briefing schedule:
    Opening:    April 22, 2013
    Opp'n:    May 6, 2013
    Reply:    May 13, 2013

6. **Anticipated and Outstanding Discovery**:

Fact discovery, expert discovery, and depositions.

7. **Proposed Discovery Plan**:

Defendant's Position: Plaintiff contends that he never had an account with Defendants and that Defendants were calling him while trying to reach his ex-girlfriend. As of this date, however, Plaintiff has not provided Defendant with any identifying information for Plaintiff's ex-girlfriend and has not identified Plaintiff's telephone number that Defendants allegedly dialed to contact Plaintiff. Defendants therefore lack sufficient knowledge to evaluate Plaintiff's allegations or to determine if Defendants even contacted Plaintiff. Defendants may request that the Court push back the deadlines below if Plaintiff fails to promptly provide information that will allow Defendants to properly evaluate the claims against them. For now, the proposed discovery plan dates are as follows:

a)     Disclosures under Rule 26f tobe made on:  September 21, 2012.

b)     When discovery should be completed:  March 22, 2013.

c)     Whether discovery should be conducted in phases:  No.

d)     Should changes be made in the limitations on discovery?  No.

e)     Discovery is needed on the following subjects:  Plaintiff's claims and Defendants' defenses.

8. **Close of Expert Discovery**:

March 22, 2013.  The parties have not retained experts at this time.

9. **Date for Final Pre-Trial Conference**.

June 25, 2013.

10. **Trial**.

Trial is scheduled in this matter for **July 25, 2013**.  Plaintiff requests that the trial will be before a jury.  Trial is anticipated to take **three (3) days**.

11. The parties do not consent to the trial being conducted by a Magistrate Judge.

12. **Modification of standard pretrial procedures**:   N/a.

13. **Related cases in this District**:   N/a

14. **Settlement discussions**:   None to this point.

15. Other relevant matters:   N/a.


/s/  Amy L. Bennecoff       /  09/10/12
Attorney(s) for Plaintiff(s) / Date


/s/Arvin C, Lugay           / 09/17/12
Attorney(s) for Defendant(s) / Date